# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Action No. 18-cr-00395-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  RIORDAN ANTHONY MAYNARD,

    Defendant.

---

# ORDER DENYING DEFENDANT'S
# MOTIONS TO DISMISS

---

This matter is before the Court on four Motions to Dismiss filed by Defendant Riordan Anthony Maynard: (1) Motion to Dismiss Counts 4–13 and 14–26 Due to Multiplicity (Doc. # 47); (2) Motion to Dismiss Counts 1 and 3 Due to Duplicity (Doc. # 49); (3) Motion to Dismiss Count 3 for Failure to Allege a Victim (Doc. # 50); and (4) Motion to Dismiss Subparagraphs a–c of Paragraph 15 of the Indictment Due to Statute of Limitations (Doc. # 51).  The Government timely filed four Responses to the Motions to Dismiss.  (Doc. ## 53–56.)  For the reasons discussed below, the Court denies all four Motions to Dismiss.

    **I.**    <u>**BACKGROUND**</u>

Defendant Riordan Anthony Maynard and a business associate, Christina Elbers, were charged in a 26-count indictment (the "Indictment") on August 22, 2018.  (Doc. # 19.)  The Government alleges that Defendant and Ms. Elbers "violated a raft of federal

criminal statutes during their operation of a communications technology company called Touchbase Global Solutions, Inc ("TBGSI")" and its predecessor, Touchbase USA ("TBUSA").  (Doc. # 53 at 1.)  It asserts that Defendant, together with his co-defendant, "obstructed the IRS in its efforts" to assess taxes against the companies and "victimized [the companies'] own employees by embezzling and stealing employee contributions to 401(k) retirement plans and health insurance premiums."  (*Id.* at 2.)  The Indictment charges Defendant with 26 counts:

   a. Count 1: corrupt endeavor to obstruct or impede due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a);

   b. Count 2: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371;

   c. Count 3: conspiracy to steal or embezzle employee benefit and health care funds, in violation of 18 U.S.C. § 371;

   d. Counts 4–13: theft or embezzlement of employee benefit plans, in violation of 18 U.S.C. §§ 664 and 2; and

   e. Counts 14–26: theft or embezzlement in connection with health care, in violation of 18 U.S.C. §§ 669 and 2.

(Doc. # 19 at 4–13.)

Defendant filed the four Motions to Dismiss presently before the Court on March 11, 2019.  (Doc. ## 47, 49–51.)  The Government responded to each on March 29, 2019.  (Doc. ## 53–56.)  A five-day jury trial in this action is set to begin on May 6, 2019.  *See* (Doc. # 31.)

## II. <u>**STANDARD OF REVIEW**</u>

The Court presumes Defendant moves to dismiss certain counts in the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3).  Rule 12(b)(3)

requires that certain "defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). These defenses and objections include, relevant here:

> (B) a defect in the indictment or information, including:
> (i) joining two or more offenses in the same count (duplicity);
> (ii) charging the same offense in more than one count (multiplicity);
> (iii) lack of specificity;
> (iv) improper joinder; and
> (v) failure to state an offense.

Fed. R. Crim. P. 12(b)(3)(B).

A motion to dismiss an indictment or information "is not a device for a summary trial of evidence. It is directed only to the question of the validity of the indictment on its face, and its sole function is to test the sufficiency of the indictment to charge an offense." *United States v. Winer*, 323 F. Supp. 604, 605 (E.D. Pa. 1971) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). The sufficiency of the indictment must be determined from its text, and the Court is not free to consider evidence that does not appear on the face of the indictment. *Id.* The Court is "required to consider the facts alleged are admitted to be true for purposes of determining whether a violation is charged." *United States v. J & J Truck Leasing, Inc.*, 258 F. Supp. 105, 107 (D. Kan. 1966). "Dismissal of an indictment is discretionary with the trial court." *United States v. Hedges*, 458 F.2d 188, 191 (10th Cir. 1972).

### III. **MOTION TO DISMISS COUNTS 4–13 AND 14–26 DUE TO MULTIPLICITY**

In Counts 4–13 of the Indictment, the Government alleges that on ten separate dates between January 24, 2017, and October 23, 2017, Defendant stole and willfully

converted to his own use moneys of TBGSI's 401(k) plan, an employee benefit plan, in violation of 18 U.S.C. §§ 664 and 2. (Doc. # 19 at 11.) Each count concerns a different date of offense (*e.g.*, Count 4: January 24, 2017; Count 5: February 22, 2017). (*Id.* at 12.) In Counts 14–26, the Government alleges that on thirteen separate dates between June 15, 2017, and December 15, 2017, Defendant knowingly and willfully embezzled or stole for his own use moneys of TGBSI's health plan, a health care benefit program, in violation of 18 U.S.C. §§ 669 and 2. (*Id.* at 12.) As with Counts 4–13, each count concerns a different date of offense. (*Id.* at 13.)

Defendant moves to dismiss Counts 4–13 and 14–26 "on the grounds that these counts are multiplicitous." (Doc. # 47 at 1.) He reasons that as to Counts 4–13, "each of the offenses charged . . . **constitute a continuing course of conduct** in which employee paychecks were allegedly reduced by amounts withheld for 401(k) contributions that were ultimately not made on behalf of the employees." (*Id.* at 3) (emphasis added). The same is true of Counts 14–26, he continues: "each of the offenses charged . . . constitute a continuing course of conduct in which employee paychecks were allegedly reduced by amounts withheld for health insurance premium payments that were ultimately not made on behalf of the employees." (*Id.*) Defendant then explains—without citing any authority—that under 18 U.S.C. § 664 (at issue in Counts 4–13), "the conversion of . . . funds from a single plan constitutes a single offense, regardless of how many events or actions are taken to accomplish the conversion of the funds," and that under 18 U.S.C. § 669 (at issue in Counts 14–26), "the conversion of . . . funds from a single program constitutes a single offense,

regardless of how many events or actions are taken to accomplish the conversion of the funds." (*Id.* at 4.) Finally, Defendant attempts to analogize the charges against him to those at issue in *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002), in which the Court of Appeals for the Tenth Circuit held that "multiple charges and convictions" under 18 U.S.C. § 842(a)(1) were "plainly erroneous" where the Government charged "each isolated transaction as a separate offense" because "the statute at issue punishes continuing conduct rather than separate offenses." *See* (Doc. # 47 at 2.)

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). If an indictment charges multiple counts for a crime that should be treated as a single course of conduct, it is multiplicitous; if each count of the indictment addresses a separate, distinct crime, it is properly drafted. *See United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006); *Graham*, 305 F.3d at 1100. While multiplicitous counts may be submitted to a jury, a defendant may only be sentenced on one of the multiplicitous counts; punishment on several multiplicitous counts is double punishment in violation of the Double Jeopardy Clause. *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012).

The Court concludes that Counts 4–13 and 14–26 are not multiplicitous because, as the Government states, "each count charges a distinct theft of a different lump sum of money from TGBSI employees." (Doc. # 53 at 3.) First, 18 U.S.C. § 664 and 18 U.S.C. § 669, the statutes at issue in Counts 4–13 and 14–26, do not punish continuing

conduct. Case law establishes that under 18 U.S.C. § 664, each instance of a defendant stealing money of an employee benefit plan is a separate violation of the statute. *See*, *e.g.*, *United States v. Busacca*, 936 F.2d 232, 238–39 (6th Cir. 1991) ("[E]ach time Busacca caused a check to be issued by the Funds to himself without prior Board approval . . . , a separate violation of § 664 occurred."); *United States v. Rivlin*, No. 07 CR. 524(SHS), 2007 WL 4276712, *5 (S.D.N.Y. Dec. 5, 2007) ("[A] violation of 18 U.S.C. § 664 is not a continuing offense, regardless of how many times an individual defendant may have violated the statute or whether the defendant was engaged in an on-going course of criminal conduct."). The Court has not found case law concerning a multiplicity challenge to 18 U.S.C. § 669, which "remains largely untested and unanalyzed," *United States v. Garcia-Pastrana*, 584 F.3d 351, 368 (1st Cir. 2009) (quoting Robert Fabrikant, et al., Health Care Fraud § 2.02(5), at 2–34 (2009)), but agrees with the Government that the "authority cited as to 18 U.S.C. 18 U.S.C. § 664 above is equally applicable," (Doc. # 53 at 6). The language of the two statutes is virtually identical. The Court accordingly rejects Defendant's contention that 18 U.S.C. § 664 and 18 U.S.C. § 669 punish continuing conduct.

Second, Defendant's scant authority is inapposite. *Graham*, the sole case he relies on, concerned an entirely different statute, 18 U.S.C. § 842(a)(1), which makes it unlawful "for any person . . . to **engage in the business of** importing, manufacturing, or dealing with explosive materials without a license issued under this chapter." 395 F.3d at 1100 (emphasis added). Central to the Tenth Circuit's holding in that case was the statute's criminalization of "engaging in the business of . . ."; that language, the Tenth

6

Circuit found (and the Government conceded), prohibits a course of conduct, rather than individual acts. *Id*. Unlike the statute in *Graham*, neither 18 U.S.C. § 664 nor 18 U.S.C. § 669 make any mention of "engaging in the business of" stealing money from an employee benefit or health plan or "engaging in a course of conduct" related to such a plan. Rather, the plain language of 18 U.S.C. § 664 and 18 U.S.C. § 669 suggests that each act of theft or embezzlement should be punished separately—just as the Indictment does.

Accordingly, the Court denies Defendant's Motion to Dismiss Counts 4–13 and 14–26 Due to Multiplicity. (Doc. # 47.)

## IV. MOTION TO DISMISS COUNTS 1 AND 3 DUE TO DUPLICITY

Count 1 of the Indictment charges that between early 2012 and September 2017, Defendant corruptly obstructed the administration of the Internal Revenue laws, "namely, the IRS's attempts to assess and collect taxes owed by TBUSA and TBGSI," in violation in 26 U.S.C. § 7212(a). (Doc. # 19 at 4.) The Government identifies six means through which Defendant allegedly accomplished such obstruction, including closing down TBUSA and re-opening it as TBGSI to avoid TBUSA's tax liabilities; lying to the IRS about his role in TBGSI; moving money from one account to another to defeat IRS levies; omitting material information about TBGSI's finances from submissions to the IRS; and lying to TBGSI customers about IRS levies. (*Id.* at 4–6.) Count 3 of the Indictment charges that between December 2016 and December 2017, Defendant and his co-defendant, Ms. Elbers, conspired "to commit offenses against the

7

United States, that is, to violate [18 U.S.C. § 664 and 18 U.S.C. § 669]," in violation of 18 U.S.C. § 371.  (Doc. # 19 at 8–9.)

Defendant moves to dismiss Counts 1 and 3 because they are "impermissibly duplicitous."  (Doc. # 49 at 1.)  Count 1, he contends, "alleges six different separate acts that can stand as individual counts," referring to the six means the Government alleges he used to obstruct Internal Revenue laws. (*Id.* at 4.)  Count 3 "alleges two different conspiracies that are charged in the same count."  (*Id.*)  Defendant reasons that because Counts 1 and 3 both "join several offenses in a single count," they are duplicitous.  (*Id.* at 5.)

"A duplicitous indictment charges the defendant with two or more separate offenses in the same count."  *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998).  The ambiguity and confusion of a duplicitous indictment creates the risks that: (1) a jury might convict a defendant without reaching a unanimous verdict; (2) a defendant will be hampered in a double jeopardy defense in a subsequent case; and (3) the trial court may have difficulty ruling on the admissibility of evidence.  *Id.*  However, "[m]erely because an indictment alleges several means of accomplishing a single offense rather than two separate offenses, in a single count, does not necessarily mean that it is duplicitous."  *United States v. Browning, Inc.*, 572 F.2d 720, 725 (10th Cir. 1978).

Count 1 is not duplicitous.  It does not charge multiple offenses; it charges that Defendant used multiple means to commit a single offense—corruptly obstructing administration of the Internal Revenue laws. Case law is clear that an indictment can

8

properly charge multiple means of violation 26 U.S.C. § 7212(a).  *See United States v. Murphy*, 824 F.3d 1197, 1201 (9th Cir. 2016) ("The § 7212(a) charge was not duplicitous because the nine discrete acts of interference alleged in the indictment 'merely stated multiple ways of committing the same offense.'"); *United States v. Daugerdas*, 837 F.3d 212, 226 (2d Cir. 2016); *United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir. 2008); *see also United States v. Sorenson*, 801 F.3d 1217, 1237 (10th Cir. 2015) (implicitly approving of an indictment charging multiple means of violating 26 U.S.C. § 7212(a)).  Defendant fails to cite any authority, let alone authority sufficient to overcome the holdings of several appellate courts.

Count 3 is not duplicitous either.  It does not, as Defendant alleges, charge two different conspiracies.  Rather, it charges a single conspiracy with two objectives: (1) stealing retirement contributions, in violation of 18 U.S.C. § 664, and (2) stealing health insurance premium contributions, in violation of 18 U.S.C. § 669.  *See* (Doc. # 19 at 8–9.)  Counts charging conspiracies with multiple objectives are regularly approved by the courts, so long as the trial court instructs the jury on unanimity, as the Government states.  (Doc. # 56 at 5–6); *see, e.g.*, *United States v. Sprenger*, 625 F.3d 1305, 1308 (10th Cir. 2010) ("It is well established that to sustain a conviction the government needs to prove only one object of a charged conspiracy—even when the indictment charges a multi-object conspiracy in the conjunctive") (collecting cases).  The Court is confident that so long as it instructs jurors that they must unanimously find that Defendant and his co-defendant agreed on one or both of the objectives alleged in

9

Count 3, no impropriety will result from Count 3 charging a conspiracy with multiple objectives.

Because neither Count 1 nor Count 3 are duplicitous, the Court denies Defendant's Motion to Dismiss Counts 1 and 3 Due to Duplicity. (Doc. # 49.)

### V.     MOTION TO DISMISS COUNT 3 FOR FAILURE TO ALLEGE A VICTIM

As the Court has already explained, Count 3 charges that Defendant and his co-defendant conspired "to commit offenses against the United States, that is, to violate [18 U.S.C. § 664 and 18 U.S.C. § 669]," in violation of 18 U.S.C. § 371. (Doc. # 19 at 8–9.)

Defendant moves to dismiss Count 3 for failure to allege a victim. (Doc. # 50 at 1.) Specifically, he argues that it "fails to put [him] on notice of the charges against which he must defend because it does not list a victim other than the United States and provides no information on why the United States is a victim." (*Id.* at 2.)

The Court rejects Defendant's inconsequential, unsupported argument. He provides no authority for his contention that Count 3 improperly alleges that the United States is a victim nor for his contention that the Government has failed to properly allege who the victims of the conspiracy are. Moreover, Defendant fundamentally misunderstands Count 3. Count 3 does not allege the United States is a victim. Rather, it merely charges Defendant with conspiring to commit federal crimes. Count 3 tracks the language of 18 U.S.C. § 371, as the Government ably explains in its Response. *See* (Doc. # 54 at 2.) For these reasons, the Court denies Defendant's Motion to Dismiss Count 3 for Failure to Allege a Victim. (Doc. # 50.)

# VI. MOTION TO DISMISS SUBPARAGRAPHS A–C OF PARAGRAPH 15 OF THE INDICTMENT DUE TO STATUTE OF LIMITATIONS

Defendant's fourth Motion to Dismiss concerns Count 1, which, as the Court explained above, alleges that Defendant corruptly obstructed the due administration of the Internal Revenue laws in violation of 26 U.S.C. § 7212(a).  (Doc. # 51; Doc. # 19 at 4–6.)  At issue in Defendant's Motion is paragraph 15 of the Indictment:

> 15. From in or about early 2012 through in or about September 2017, in the State and District of Colorado and elsewhere, MAYNARD did corruptly obstruct, impede, and endeavor to obstruct and impede, the due administration of the Internal Revenue laws, namely, the IRS's attempts to assess and collect taxes owed by TBUSA and TBGSI, by the following means, among others:
>   a. In or about early 2012, MAYNARD closed TBUSA and reopened the company as TBGSI in order to avoid paying more than $2 million in Form 941 taxes TBUSA owed to the IRS. By in or about June 2010, MAYNARD was aware of IRS proceedings to collect TBUSA's unpaid payroll taxes.
>   b. In or about November and December 2013, MAYNARD falsely stated to an IRS employee that he was not an officer or employee of TBGSI and did not draw a wage there, which limited the IRS's ability to collect information and to pursue recovery of funds from TBGSI and MAYNARD personally.
>   c. In or about April 2014 through in or about September 2014, MAYNARD transferred and caused the transfer of funds between TBGSI's bank account and MAYNARD's personal bank account in order to defeat IRS levies that sought taxes owed by TBGSI.
>   d. In or about February 2017 through in or about September 2017, MAYNARD transferred and caused the transfer of funds between TBGSI's bank account and MAYNARD's personal bank account in order to defeat IRS levies that sought taxes owed by TBGSI.
>   e. In or about May 2017 through June 2017, MAYNARD omitted or caused others to omit material information regarding TBGSI's finances from submissions to the IRS in an effort to prevent the IRS from collecting funds from those customers.
>   f. In or about May 2017 through June 2017, MAYNARD falsely informed, or caused others to falsely inform, TBGSI customers that IRS levies they had received were sent in error, in an effort to direct customers to send funds to TBGSI instead of to the IRS.

(Doc. # 19 at 4–6.)

Defendant moves the Court to dismiss subparagraphs a, b, and c of paragraph 15 on the grounds that the conduct alleged therein happened more than three years prior to the filing of the Indictment and that "[o]nly conduct which occurred within the 3-years before the [I]ndictment is within the statute of limitation" for 26 U.S.C. § 7212(a). (Doc. # 51 at 2–3.)

Defendant's argument fails because the statute of limitations for violation of 26 U.S.C. § 7212(a) is six years—not, as he believes, three years. Courts across the nation have held as much, as Defendant concedes. (Doc. # 51 at 3.) The Court of Appeals for the Ninth Circuit explained why the statute of limitations for violation of 26 U.S.C. § 7212(a) is six years in *United States v. Workinger*:

> The statute of limitations does provide that, in general, criminal tax proceedings must be initiated within three years of the offense. It then provides eight exceptions for which the statute of limitations is six years. One of those exceptions establishes a six-year limitations period "for offenses involving the defrauding or attempting to defraud the United States ... in any manner." § 6531(1). **Another exception establishes a six-year limitations period "for the offense described in Section 7212(a) (relating to intimidation of officers and employees of the United States)." § 6531(6)**.

90 F.3d 1409, 1412–14 (9th Cir. 1996) (emphasis added). The Ninth Circuit also considered and squarely rejected the precise argument that Defendant makes in this case: that the exception at 26 U.S.C. § 6531(6) does not apply because its parenthetical language limits the scope of the six-year limitations exception to those 26 U.S.C. § 7212(a) offenses involving "intimidation of officers and employees of the United States," which Defendant is not charged with. *Id.* at 1413–14; *see* (Doc. # 51 at 2–3.) After a

lengthy examination of the text of 26 U.S.C. § 6531 and related case law, the Ninth Circuit held that "[i]n short, the structure of § 6531 makes it apparent that the parenthetical language in § 6531(6) is descriptive, not limiting." 90 F.3d at 1414. It affirmed that the six-year statute of limitations applied to the charge that the defendant violated 26 U.S.C. § 7212(a) by obstructing or impeding the administration of the Internal Revenue laws. *Id.* Numerous other courts—including, importantly, the Tenth Circuit—have explicitly adopted this logic. *E.g.*, *United States v. Thompson*, 518 F.3d 832, 856 (10th Cir. 2008) (where the defendant was charged with corruptly endeavoring to interfere with the administration of Internal Revenue laws, holding that the limitations period was six years and citing *Workinger*); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997). Defendant does not present any contrary authority. The Court therefore concludes that the statute of limitations for Count 1 in this action is six years. The Court denies Defendant's Motion to Dismiss Subparagraphs a–c of Paragraph 15 of the Indictment Due to Statute of Limitations.[1] (Doc. # 51.)

## VII. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Defendant's Motion to Dismiss Counts 4–13 and 14–26 Due to Multiplicity (Doc. # 47) is DENIED;

---

[1] Defendant's Motion to Dismiss must be denied because where an indictment alleges that a crime was committed through an ongoing scheme, as Count 1 does here, the indictment need only allege that the last corrupt act of the scheme occurred within the limitations period. *Thompson*, 518 F.3d at 858. In this case, the last act alleged in Count 1 was easily within the limitations period.

2. Defendant's Motion to Dismiss Counts 1 and 3 Due to Duplicity (Doc. # 49) is DENIED;

3. Defendant's Motion to Dismiss Count 3 for Failure to Allege a Victim (Doc. # 50) is DENIED;

4. and Defendant's Motion to Dismiss Subparagraphs a–c of Paragraph 15 of the Indictment Due to Statute of Limitations (Doc. # 51) is DENIED.

DATED: April 5, 2019

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge