IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00395-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RIORDAN ANTHONY MAYNARD,

    Defendant.

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION
FOR AN INDICATIVE RULING REGARDING COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Riordan Maynard's Emergency Motion for an Indicative Ruling Regarding Compassionate Release ("the Motion"). (Doc. # 146.) In his Motion, Mr. Maynard moves the Court to "enter an order indicating that it would grant Mr. Maynard compassionate release and reduce his sentence to time served with an additional term of supervised release [under 18 U.S.C. § 3582(c)(1)(A)] if the Tenth Circuit Court of Appeals remanded for that purpose. . . ." (*Id*. at 20.) The Court denies Mr. Maynard's Motion without prejudice for failure to exhaust his administrative remedies.

    **I.**    **BACKGROUND**

On May 14, 2019, a jury convicted Mr. Maynard of 26 counts related to impeding the administration of tax law and the embezzlement of employee health and benefit

plans. This Court sentenced Mr. Maynard to 78 months of imprisonment in the Bureau of Prisons ("BOP"), followed by three years of supervised release, on August 12, 2019. Mr. Maynard has served just over 8 months of his 78-month sentence; his current projected release date is March 23, 2025.

Mr. Maynard began his term of incarceration at Taft Correctional Institute in California. Mr. Maynard alleges that he submitted a request for compassionate release to the warden of Taft CI on March 25, 2020. Mr. Maynard has not provided a copy of that request to the Court, and the Government represents that it has been unable to verify that Mr. Maynard made such a request. Taft CI has since closed. Mr. Maynard was transferred to North Lake Correctional Institute in Michigan, where he is currently serving his sentence.

Mr. Maynard filed a Notice of Appeal of his conviction on August 22, 2019. His appeal is currently pending. In the instant Motion, Mr. Maynard moves the Court to enter an indicative ruling, pursuant to Fed. R. Crim. P. 37, that it would grant Mr. Maynard compassionate release under 18 U.S.C. § 3582(c)(1)(A) if the Tenth Circuit Court of Appeals remanded for that purpose. Mr. Maynard asserts that extraordinary and compelling reasons justify compassionate release because, *inter alia*, his status as a 51-year-old former smoker with asthma, bronchiole, and respiratory issues puts him at increased risk of serious complications from COVID-19. The Government opposes Mr. Maynard's Motion.

## II.   ANALYSIS

18 U.S.C. § 3582(c)(1)(A) imposes a requirement on a defendant requesting

compassionate release to exhaust all administrative rights before seeking such relief. *See United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020). Specifically, Section 3582(c)(1)(A) authorizes a district court to reduce a term of imprisonment, in certain circumstances, ". . . after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

> Simply put, under this provision, a criminal defendant may file a motion for compassionate release **only if** either: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.

*United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *2 (S.D.N.Y. Apr. 14, 2020) (emphasis added) (citation omitted).

Mr. Maynard alleges that he submitted a request for compassionate release to the warden of Taft CI on March 25, 2020. However, Mr. Maynard provides no direct evidence of this request. Indeed, the only evidence before the Court is defense counsel's retelling of communications with Mr. Maynard around the time of the alleged filing. As such, the Court finds there is insufficient evidence to conclude that Mr. Maynard submitted a request for compassionate release and, therefore, concludes that Mr. Maynard has not exhausted his administrative remedies as required by statute. *See United States v. Bolino*, No. 06-CR-0806 (BMC), 2020 WL 32461, at *2 (E.D.N.Y. Jan. 2, 2020) ("The submission of a sufficient record to show exhaustion . . . is fundamental

to this Court's function in deciding a compassionate release motion. Congress clearly wanted these applications decided at the administrative level if possible.").

Mr. Maynard encourages the Court to find that Section 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional. However, this Court agrees with the vast majority of courts to have considered the issue in "conclud[ing] that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that **the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic**." *Rabadi*, 2020 WL 1862640 at \*3 (emphasis added) (collecting cases). When a defendant fails to satisfy Section 3582(c)(1)(A)'s exhaustion requirement, a court is "without jurisdiction to entertain [the defendant's] request for compassionate release." *Perry*, 2020 WL 1676773, at \*1 (quoting *United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, at \*1 (W.D. Okla. Dec. 5, 2019)); *see also United States v. Raia*, --- F.3d ---, 2020 WL 1647922, at \*2 (3d Cir. 2020) (concluding that failure to satisfy exhaustion requirement "presents a glaring roadblock foreclosing compassionate release"). Therefore, the Court is unable to grant Mr. Maynard the relief he requests prior to his exhaustion of the administrative remedies that are available.[1]

---

[1] The Court's denial of the instant motion is without prejudice to Mr. Maynard, so he may refile his Motion after he exhausts his administrative remedies. However, the Court advises Mr. Maynard that, had it had jurisdiction to consider his motion on the merits, it would have found that Mr. Maynard failed to establish extraordinary and compelling circumstances for such relief. Although Mr. Maynard represents to the Court that he has asthma, bronchiole, and respiratory issues, he provides no medical records to substantiate those representations. In addition, BOP has no record of these alleged conditions. The email correspondence from his mother is insufficient evidence of his medical conditions. Moreover, that email chiefly concerns Mr. Maynard's childhood health, contemplates that his health improved as he reached adulthood, and does not mention asthma. *See* (Doc. # 159). If anything, this email casts doubt on Mr.

### III.  CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant Riordan Maynard's Emergency Motion for an Indicative Ruling Regarding Compassionate Release (Doc. # 146) is DENIED WITHOUT PREJUDICE.

DATED: May 15, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge

---

Maynard's representation that all of his medical records are in London because Mr. Maynard's mother indicates that he visited a hospital in Denver circa 2012. Should Mr. Maynard choose to refile a motion for indicative ruling regarding compassionate release after he exhausts his administrative remedies, he is encouraged to submit competent medical evidence in support of his motion.