IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00395-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RIORDAN ANTHONY MAYNARD,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR A
SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

---

This matter is before the Court on Defendant Riordan Anthony Maynard's Motion for a Sentence Reduction. (Doc. # 175.) After complete review of Mr. Maynard's Motion and considering the applicable factors provided in 18 U.S.C. § 3553(a), IT IS ORDERED that Mr. Maynard's Motion for a Sentence Reduction is DENIED.

FACTORS CONSIDERED:

- Riordan Anthony Maynard is a 53-year-old inmate currently housed at CI North Lake in Baldwin, Michigan. (Doc. # 175 at 1–2.)

- On May 14, 2019, a jury convicted Mr. Maynard of 26 counts related to impeding the administration of tax law and the embezzlement of monies from his employees' health and benefit plans. (Doc. # 93.) This Court sentenced Mr.

Maynard to 78 months imprisonment in the Bureau of Prisons ("BOP") followed by three years of supervised release. (Doc. # 119.)

- Mr. Maynard self-surrendered to the BOP on September 10, 2019 (Doc. # 126), and his projected release date is March 23, 2025 (Doc. # 180 at 1 n.1). At the time of filing his motion, Mr. Maynard had served approximately 46.5% of his sentence. (*Id.*)

- Prior to the instant Motion, Mr. Maynard filed two Emergency Motions for an Indicative Ruling Regarding Compassionate Release. (Doc. # 146; Doc. # 162.) Mr. Maynard's first Motion, filed on April 29, 2020, was denied by the Court without prejudice because Mr. Maynard had not yet exhausted the administrative remedies available to him. (Doc. # 160 at 1.) Mr. Maynard filed his second Motion on September 4, 2020, requesting early release because of risks associated with COVID-19. (Doc. # 162 at 7.) In addition, Mr. Maynard argued that his placement at a facility 1,200 miles from his family, his need to support his wife with their five children, and letters from victims supporting early release all weighed in favor of modifying his sentence to time served. (*Id.* at 12–14.) This Court denied the second Motion, finding that Mr. Maynard had failed to show extraordinary and compelling reasons for early release and that the 18 U.S.C. § 3553(a) factors did not support early release. (Doc. # 170 at 2.)

- In the instant Motion, Mr. Maynard again seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 175 at 1.) Mr. Maynard argues that release is justified because (1) Mr. Maynard is not eligible to be placed at a facility near his

2

    family (*id.* at 4–5); (2) Mr. Maynard's incarceration has been "uniquely harsh" due to the COVID-19 pandemic and a transfer to a new facility (*id.* at 5–6); (3) Mr. Maynard's children have been adversely impacted by Mr. Maynard's incarceration (*id.* at 6); and (4) "several victims of Mr. Maynard's crimes are in favor of his release" (*id.* at 7).

- The Court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) if (1) the Court finds that extraordinary and compelling reasons warrant such a reduction; (2) the Court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;[1] and (3) the Court finds that such reduction is warranted under the circumstances of the case after considering the applicable § 3553(a) factors. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

- As the movant, Mr. Maynard bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- The Sentencing Commission has identified several circumstances—such as advanced age, severe physical deterioration, terminal illness, or the death of a

---

[1] Because the United States Sentencing Commission has not promulgated a post-First Step Act policy statement, there currently are no "applicable policy statements" with respect to a motion for sentence reduction brought by a defendant, as opposed to a motion brought by the Bureau of Prisons. *See United States v. Dean*, No. 21-2082, 2022 WL 484241, at *1 (10th Cir. 2022) (unpublished) ("[U]ntil the Sentencing Commission promulgates new policy statements, a district court may consider only the first and third prerequisites for compassionate release under § 3582(c)(1)A) because currently there are no applicable policy statements under the second prerequisite.").

caregiver of the defendant's minor children—that may qualify as "extraordinary or compelling reasons" that justify a sentence reduction. USSG § 1B1.13, cmt. n.1(A)–(C). Although the Court is not constrained by the Sentencing Commission's guidance at step one of the 18 U.S.C. § 3582(c)(1)(A) inquiry, the Court concludes that the application notes to USSG § 1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished); *see United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021) (finding that the Sentencing Commission's examples of "extraordinary and compelling reasons" are descriptions and not limiting definitions).

- The Court finds that Mr. Maynard has failed to demonstrate extraordinary and compelling reasons for reducing his sentence. First, none of the four justifications offered by Mr. Maynard rise to the same level of "extraordinary and compelling" examples set forth by the Sentencing Commission, such as terminal illness or the death of the caregiver for the defendant's minor children. Moreover, the Court has already reviewed and rejected several of Mr. Maynard's justifications, including the remote location of his housing facility, the circumstances of imprisonment during the COVID-19 pandemic, and the letters from victims supporting Mr. Maynard's release. (Doc. # 170.) The Court finds again that these circumstances simply do not constitute extraordinary and compelling reasons justifying release. *See United States v. Meinert*, No. 18-20069-01-DDC, 2021 WL 794973, at *3 (D. Kan. Mar. 2. 2021) ("The desire to live in a different state

    because a defendant is too far away from [the defendant's] support system is not an 'extraordinary or compelling' reason to modify a sentence under § 3582(c)(1)(A)(i)."); *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (unpublished) ("Given the effectiveness of COVID-19 vaccines . . . a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." (internal quotation marks omitted)); *United States v. Carver*, No. 4:19-cr-06044-SMJ, 2020 WL 1892340, at *3 n.2 (E.D. Wash. Apr. 8, 2020) (finding circumstance of defendant being "lifelong smoker" in context of COVID-19 does not meet threshold of "extraordinary and compelling reasons" for early release). Mr. Maynard has not presented any legal support showing that any court has found circumstances akin to Mr. Maynard's to be "extraordinary and compelling."

- Mr. Maynard also argues that two of his five children are exhibiting concerning responses to his absence, including his oldest child being hospitalized after a suspected overdose and his third child needing psychological care and intervention. (Doc. # 175 at 6.) While the Court is sympathetic to these hardships facing Mr. Maynard's family, the Court finds that these circumstances do not constitute "extraordinary and compelling" reasons justifying release, particularly because Mr. Maynard's wife is present and able to care for the children in Mr. Maynard's absence. *See United States v. Sam*, No. 17-18, 2020 WL 3415771, at *3 (E.D. La. Jun. 22, 2020) (finding family circumstances did not amount to

5

"extraordinary and compelling reasons" where mother of defendant's children could capably care for defendant's children despite contracting COVID-19 twice). As such, this Court does not find Mr. Maynard's justifications "extraordinary and compelling."

- Further, the Court finds that the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of Mr. Maynard's release. Mr. Maynard argues that the sentencing factors favor compassionate release because (1) his criminal activity was an "outlier" (Doc. # 175 at 7); (2) he has been a "model inmate" (*id.* at 8); (3) his family is willing to assist him with reentry into society, including being willing to move to England in the event he is deported (*id.* at 8; *id.* at 8 n.4); and (4) Mr. Maynard has served 30 months and continued incarceration is not needed to promote additional respect for the law (*id.* at 9–11). Although Mr. Maynard's good conduct during incarceration is commendable, this Court disagrees that the factors favor early release. Mr. Maynard committed serious offenses from 2012 through 2017, which deprived his employees of health insurance coverage and thousands of dollars in retirement savings and resulted in more than $5 million in unpaid taxes. The Court imposed a sentence of 78 months imprisonment, and Mr. Maynard has served less than half of his sentence. (*Id.* at 1.) Allowing Mr. Maynard to serve less than half of his sentence would not reflect the seriousness of the crimes he committed, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A) & (B).

- Because Mr. Maynard has failed to demonstrate the existence of extraordinary and compelling circumstances to warrant reducing his sentence and because the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of his release, early release is not justified. For the foregoing reasons, Mr. Maynard's Motion for a Sentence Reduction (Doc. # 175) is DENIED.

DATED: June 9, 2022

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge